FORSCHNER *v.* BAUMGARTEN and another.[1]

*(Circuit Court, S. D. New York. March 16, 1886.)*

1. PATENTS FOR INVENTIONS—GLASS SCALE-PANS FOR WEIGHING.
   Letters patent No. 214,643, of April 22, 1879, to Charles Forschner, for an improvement in scale-pans for weighing, are void for want of patentable novelty in the invention.
2. SAME.
   There is no invention in making a scale-pan of glass, with glass lugs made integral therewith, and suspending it by branching metal bows passing through holes in said lugs, glass and glazed porcelain scale-pans being old, and metallic scale-pans suspended on such branching bows being old.
3. PLEADINGS—EVIDENCE—PRIOR USE AND PRIOR PUBLICATIONS.
   Certain catalogues, showing features of the patent sued on, were offered in evidence, although not set up in the answer. *Held,* that these circulars should be considered as evidence in support of allegations of prior knowledge and use by others, properly made in the answer, but not as prior publications describing the invention, and constituting anticipations, of themselves, within the statute.

In Equity.
*R. B. McMaster,* for plaintiff.
*Louis C. Raegener,* for defendants.

WHEELER, J. This suit is brought upon patent No. 214,643, dated April 22, 1879, and granted to the plaintiff for an improvement in scale-pans for weighing. The specification sets forth the scale-pans as "made entire of glass," with strong lugs, one on each side, opposite each other, with two holes in each for a suspending bow of metal, divided at each end into two branches, to be put through the two holes in each lug, and fastened there with nuts. The claim is for a scale-dish formed with extended lugs, each having two holes through it, in combination with double suspending bows passing down through the holes and secured beneath the same, substantially as specified. One of the defenses set up is want of patentable novelty.

A scale-dish of glazed porcelain is shown to have been described in the *Mechanic's Magazine,* a printed publication, in 1836, volume 25, p. 23, as in use by a Mr. Juggins, a dealer in butter and cheese, in London; and the forming of scale-pans of "glass, or it may be porcelain," is set forth as part of the invention of Edward Dowling in his specification for an English patent, April 14, 1859. Metallic scale-pans, suspended on branching bows like those of plaintiff's patent, are shown to have been made, and on sale in this country, prior to the plaintiff's invention. This fact is shown, in part, by catalogues not set up in the answer, and objected to for that reason. They are considered, however, as evidence in support of allegations of prior knowledge and use by others properly made in the answer, and not as prior publications describing the invention, and constituting an-

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

ticipations, within the statute, of themselves. They appear to be properly in evidence for this purpose. The description of the scale-pans of Juggins and of Dowling do not show the modes of attachment to the bales. The metallic pans suspended on branching bows are shown to have been attached by lugs soldered or riveted to the dishes through which the branches of the bows are put, and fastened with nuts. These bows, and the fastenings on them, are the same as those of the plaintiff's patent. The only difference between the lugs of the patent and those in use before is that those of the patent are extensions of the dish, while the others are fastened to the dish of the same material; and those of the patent are broad enough to include the two holes for the branches of the bow on each side, in each lug, while the others are single for each branch of the bow. The office of the lugs is merely to suspend the dish, and the usefulness and operation of the dish are not altered by the difference between a single lug large enough for the two holes and single lugs for each, for the two branches of the bow. The plaintiff had only to suspend a known glass dish by a known branching bow. An obvious method of doing that was by putting the branches of the bow through holes in the edges of the dish, or extensions of the edges. This is a well-known way of suspension which any mechanic skilled in working the materials would use or might use. If it was a wooden dish or a metallic one, a mechanic who was shown the dish, and the bale with branches and nuts for the ends of the branches, and who was put to suspend the dish on the bale, if it was wooden, and he had skill for making holes through wood, or it was iron, and he had skill for making holes through that, would, readily, by his mechanical skill, make the holes, and put the branches of the bale through, and put on the nuts, and the dish would be suspended. And likewise, the dish being glass, a worker in glass, skilled to make holes in the edges of the dish through the glass, or to make a dish with the holes, would suspend it in the same manner. The plaintiff merely combined a known glass dish, with a known branching bow in substantially the same manner in which a metallic dish had been combined before, the difference being merely formal and mechanical. This does not appear to amount to such invention as to be sufficient to support a patent. *Hotchkiss* v. *Greenwood*, 11 How. 248; *Pearce* v. *Mulford*, 102 U. S. 112; *Hollister* v. *Benedict Manuf'g Co.*, 113 U. S. 59; S. C. 5 Sup. Ct. Rep. 717. The result is that the patent must be adjudged invalid.

Let a decree be entered that the patent is invalid, and the bill dismissed, with costs.